SAVOY, Judge.
Charles J. Panzica, the duly qualified curator for the interdict, Mary E. Panzica, his sister, filed suit individually against the interdict, naming N. B. Lawton, under-curator, as the proper person to represent the interdict and asking for citation and service on the under-curator. He alleged that his sister was before interdiction and is now indebted in the amount of $12,437.41 to the petitioner as an individual and not as a curator.
He alleged the indebtedness arose from monies advanced to her personally as an heir to her one-half interest in the estate of their father and mother, Vincenzo and Giovannia Panzica, for one-half of the hospital and funeral charges for their father, attorney’s fees in successions of their parents, for money advanced for the interdict before interdiction and money advanced for the interdict, and for repairs, insurance, taxes and paving of the property of the succession of the parents.
Petitioner prayed that the court recognize his claim, and further, to authorize petition *907 er, as the curator, joined by N. B. Lawton, as the under-curator, to execute a conventional contract of mortgage and mortgage note in the name of the interdict, in favor of the petitioner as an individual, against the one-half interest of the interdict in the property inherited from their mother and father.
Itemized accounts and cancelled checks were attached to the petition, together with a certificate by an accountant of Alexandria certifying that the itemized statements were substantiated by the cancelled checks.
The under-curator, N. B. Lawton, filed an answer in propria persona, making a general denial of the allegations of the original petition, requiring legal proof to be presented by petitioner, without concurring with the petitioner, and praying that the matter be submitted to the court for its order or judgment of approval or disapproval.
The lower court recognized the debts owing by the interdict to her curator by reason of the expenditure of his personal funds on her behalf for (a) one-half cost of roof repairs approved by court order dated January 4, 1957, for $394.70, (b) expenditures listed on account approved by court order dated February 8, 1958, for $682.42, and (c) expenditures listed on account approved by court order dated April 22, 1959, for $928.58, totaling the sum of $2,005.70, less minor amounts due to the interdict by the curator totaling $74.96, making a net difference of $1,940.74. The court entered judgment in chambers for this amount, with legal interest from date of the judgment and further authorized the petitioner, as curator, and N. B. Lawton, as under-curator, to execute a note and mortgage for said amount against the interest in the property owned by the interdict for the purpose of negotiating said note and mortgage to raise funds with which to pay the claim of the petitioner. The court further non-suited without prejudice the remaining claims of petitioner for monies expended by him as set forth in his petition.
The plaintiff appealed urging in his brief that the lower court was in error in not allowing him judgment for the full amount claimed.
Pending appeal, the under-curator died and was substituted by James R. Bell as under-curator to the interdict. No brief or appearance was made on appeal by the under-curator, James R. Bell.
Our review of the record shows that plaintiff appealed from the judgment of the district court rendered in chambers.
Article 543 of the Louisiana Code of Practice (which article applies in the instant case, this case having been decided before the effective date of the new Code of Civil Procedure which became effective January 1, 1961) provided that all judgments must be read, rendered and signed by the judge in open court. Article 544 of the Louisiana Code of Practice provided that all judgments must be correctly entered on the records on the day or date the same was entered. There was no minute entry of the judgment in this case, it having been rendered and signed in chambers. Since the judgment was not read, rendered and signed in conformity with the provisions of Article 543 of the Code of Practice, and no minute entry of it was made, as provided by Article 544, plaintiff cannot appeal from that judgment. This appeal, therefore, must be dismissed.
The issue is not before us as to whether the curator may maintain a suit against the interdict or as to whether he becomes disqualified to serve as curator upon instituting such a suit, and we do not at this time express any views as to those issues.
For the reasons assigned, the appeal in this case is dismissed at plaintiff’s costs.
Appeal dismissed.