SAVOY, Judge.
This suit was instituted by Charles J. Panzica, individually, against Mary E. Pan-zica, interdict, through an attorney at law, W. C. Roberts, who was appointed curator ad hoc to represent the defendant interdict. Suit was for $9,794.10, arising out of almost identical claims as those set forth in the case of Panzica v. Interdiction, La.App., 132 So.2d 906, decided by us on this date, but omitting the claims for $1,940.74, which were recognized by the court in the other case. By reference the itemized statement and certificate by the accountant attached to the original petition in Panzica v. Interdiction, supra, were also made a part of the petition in this suit. Plaintiff further prayed for authority as curator of the interdict, to be joined by the under-curator, to be authorized and empowered to secure the amount of such judgment by executing a mortgage on the interest of the interdict in the property inherited from their mother and father.
The curator ad hoc filed pleas of prescription under Articles 3538 and 3544 of the LSA-Civil Code, and filed an answer in the nature of a general denial, incorporating therein an exception of no cause or right of action. By agreement of counsel, the pleas of prescription and exceptions were referred to the merits.
The lower court held that the plea of ten years prescription would bar the present suit as to some of the claims in full, and in part as to others. It held that, however, it was not deemed to be necessary to pass upon the prescriptive pleas involved, or upon the exception of no cause or right of action, since: “A review of the statutory law with reference to the appointment of curators ad hoc for persons under legal disability has been *909 convincing that such has no application where the defendant interdict has a legal representative, the under-curator. Further, the articles of the Civil Code and Code of Practice * * * make it plain that the under-curator is the person who is to represent the interdict in suits wherein the interdict and curator have conflicting interests. * * * This court is bound to take notice that the defendant interdict is not properly-represented herein, and the consequence is that the present suit can not be maintained and must be dismissed. * * * ”
Judgment was entered dismissing the plaintiff’s suit without prejudice, from which judgment plaintiff has appealed to this Court.
We agree with the holding of the trial court that the curator ad hoc was not the proper person to represent the interdict in this proceeding.
The district judge appointed an attorney at law to represent the interdict under the provisions of Code of Practice Article 116.1, which provided:
“In judicial proceedings, where absentees, minors or persons interdicted, who are not represented, are interested and are necessary parties, the judge having jurisdiction over the proceedings or the clerk of the court in which the proceedings are filed, shall appoint an attorney at law to represent the absentees, minors, or persons interdicted, and the designation of such representatives as special tutor, tutor ad hoc, curator ad hoc, or by any other title shall not be required, and if incorrectly made, shall be construed as the appropriate designation.”
In a case such as this, when a curator and under-curator have been duly appointed for the interdict, we think it is necessary that the duly appointed representatives of the incompetent person be served and that the suit be conducted contradictorily with that representative. We do not think that under those circumstances a suit can be maintained against an interdict merely by citing and serving the attorney who has been appointed as curator ad hoc for the interdict, and for that reason we think the trial judge correctly dismissed this suit.
The issue is not before us as to whether the curator may maintain a suit against the interdict or as to whether he becomes disqualified to serve as curator upon instituting such a suit, and we do not at this time express any views as to those issues.
■ For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.