CULPEPPER, Judge.
The defendant-appellant moved that this case be remanded to the district court to correct certain irregularities in the rendition of the final judgment. We deny the motion.
The central issue is whether a stipulation by the parties can waive the irregularities.
The case was filed in the Thirteenth Judicial District Court, Parish of Evangeline. The judge of that district, the Honorable Daniel J. McGee, recused himself because before his election he was counsel in the case for the plaintiff. Under LSA-C.C.P. Article 157, he appointed the Honorable Edward M. Mouser, Judge of the adjoining Thirty-third Judicial District Court, Parish of Allen, to serve as judge ad hoc for the trial.
The matter was tried by Judge Mouser in the Thirteenth Judicial District Court for the Parish of Evangeline and was taken under advisement. After written reasons for judgment were assigned, Judge Mouser signed a formal judgment which states on its face that it was read and signed in open court at Oberlin, Louisiana, on May 21, 1973. The judgment was then forwarded to the clerk of court of Evangeline Parish, where it was filed in the record of these proceedings. However, no minute entry of the signing of the judgment was made in Evangeline Parish, nor did the clerk there file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
A suspensive appeal to this court was timely perfected by defendant. Then on July 9, 1973, counsel for plaintiff and counsel for defendant entered into the following stipulation:
“STIPULATION, CONSENT AND RATIFICATION
“We, undersigned counsel for both plaintiff, HORACE DUPRE, and defendant, HARTFORD LIFE INSURANCE COMPANY, do hereby stipulate, consent and ratify the judgment signed by Judge Edward Mouser in this case on May 21, 1973, and hereby waiver (sic) any objection we may have to the signing of said judgment.
“For all purposes, we consider the said judgment entirely valid as to form, substance and procedure, subject of course to defendant’s appeal on the merits.”
On July 11, 1973 the appeal was lodged in this court. Then on July 18, 1973 defendant-appellant filed the present motion to remand for the purpose of correcting irregularities in the rendition of the judgment.
The first irregularity noted is that the judgment was not signed in conformance with LSA-C.C.P. Article 1911, which provides that “Except as otherwise pro'-' vided by law, all final judgments shall be read and signed by the judge in open court.” This judgment is not one excepted as otherwise provided by law. It is not a judgment authorized to be signed in chambers under LSA-C.C.P. Articles 194 and 196, nor is this a situation where the judgment is authorized to be signed during va *823 cation, etc., under LSA-R.S. 13:4208. Also LSA-C.C.P. Article 1912 has no application, since the judgment was not read and signed in open court in a parish within the judicial district, Allen Parish not being in the same judicial district as Evangeline. Thus, Article 1911 was not followed. The judgment should have been read and signed in open court in Evangeline Parish by the judge ad hoc appointed for the trial of the case.
Nevertheless, the failure to comply with LSA-C.C.P. Article 1911 is waived by the above quoted stipulation. Comment (d) under Article 1911 states that “By stipulation, or other consent of all parties, the judgment may be signed in a manner different from that prescribed in this article.” We see no reason why we should not follow comment (d) in this case. The principal purpose of LSA-C.C.P. Articles 1911 through 1913 is to fix with certainty the date of effectiveness of the final judgment, in order to determine the time for taking an appeal, etc. See the Official Revision Comments under Article 1911. In the stipulation the parties agree that the judgment was signed and thus took effect on May 21, 1973. Since the judgment was actually signed, and the date of its effectiveness agreed to, the parties could waive the requirement of Article 1911 that it be read and signed in open court. No argument is made that any party was prejudiced by the lack of compliance with Article 1911.
As noted above, there was also a failure to comply with LSA-C.C.P. Article 1912, in that the judgment was not read and signed in open court in a parish within the judicial district in which the case was tried. Additionally, the clerk of court of Evangeline Parish did not make minute entries nor mail notices of judgment. There was also a failure to comply with LSA-C. C.P. Article 1913, in that the case having been taken under advisement, notices of judgment were required to be mailed by the clerk of court of the parish where the case was tried to all counsel of record.
Nevertheless, the failure to comply with Articles 1912 and 1913 is also waived by the above quoted stipulation. Official Revision Comment (c) under Article 1913 also states that “By stipulation, or other consent of all parties, the mailing of notice of the rendition of judgment may be waived. In such cases the delay for applying for a new trial commences to run the day after the judgment is signed.” We think this comment should be given effect in the present case because, as stated above, the stipulation does not frustrate the principal purpose of these articles, which is to make certain the date of effectiveness of the judgment. Also, no party urges prejudice.
In his motion to remand, counsel for defendant cites Panzica v. Interdiction, 132 So.2d 906 (La.App.3rd Cir. 1961) for its holding that there could be no appeal from a judgment which was not read and signed in open court. Panzica is distinguished since in that case there was no stipulation or other consent of all parties waiving the irregularities complained of.
Counsel for defendant also cites Deason v. State Farm Mutual Automobile Insurance Company, 204 So.2d 428 (La.App.3rd Cir. 1967) in which the trial judge combined his written reasons with the judgment and labeled the instrument as a judgment. In his brief, counsel for defendant states that we refused to allow this irregularity under LSA-C.C.P. Article 1918 to be corrected by a stipulation of counsel. We find no mention in the printed decision of such a stipulation.
Nevertheless, the Deason case is distinguished. Under LSA-C.C.P. Article 1918 a final judgment must be identified as such by appropriate language, and must be a separate instrument from any written reasons. Since there was no separate instrument identified as a judgment, there was no final judgment signed. Although, as stated above, certain irregularities in the rendition of a judgment may be waived, *824 the parties cannot by stipulation supply a signed judgment where none existed.
For the reasons assigned, the motion to remand is denied.
Motion to remand denied.